# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ROBERT WALLACE and MICHELLE WALLACE § § § § § v. § § U.S. BANK, N.A., SUCCESSOR TRUSTEE § TO BANK OF AMERICA N.A., § SUCCESSOR IN INTEREST TO LASALLE § BANK, N.A., ON BEHALF OF THE § REGISTERED HOLDERS OF BEAR § STEARNS ASSET BACKED SECURITIES § I LLC, ASSERT-BACKED § CERTIFICATES, SERIES 2007-AQ1 and § SELECT PORTFOLIO SERVICING, INC., § | Civil Action No. 4:17-CV-437 (Judge Mazzant/Judge Nowak) |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On January 22, 2018, the report of the Magistrate Judge (Dkt. #38) was entered containing proposed findings of fact and recommendations that Defendants' Motion for Judgment on the Pleadings be granted in part and denied in part. Having received the report of the Magistrate Judge (Dkt. #38), having considered Plaintiffs' timely filed Objections ("Plaintiffs' Objections") (Dkt. #42), Defendants' Response to Plaintiff's Objections ("Defendants' Response") (Dkt. #47), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #38) as the findings and conclusions of the Court.

**BACKGROUND**

The facts in this case have been set forth in detail by the Magistrate Judge, and need not be duplicated in their entirety herein. Plaintiffs obtained a home loan from Argent Mortgage ("Argent") on August 29, 2006; in exchange for the loan, Plaintiffs executed an Adjustable Rate Note (the "Note") and a Deed of Trust (Dkts. #18-1, #18-2). Argent's interest in the property located at 1915 Seaview Drive, Flower Mound, Texas 75022 (the "Property") was transferred to Mortgage Electronic Registration Systems, Inc. ("MERS") on August 4, 2008 (Dkt. #18-3). MERS assigned the Deed of Trust to Defendant U.S. Bank, N.A ("US Bank") on March 23, 2012 (Dkt. #18-4). In 2014, Plaintiffs failed to make loan payments (Dkt. #4 at p. 8). On July 11, 2014, after Plaintiffs failed to cure their default, Defendants mailed Plaintiffs a Notice of Acceleration of Loan Maturity and Notice of Foreclosure Sale (Dkt. #18-7).

Thereafter, on July 17, 2014, Plaintiffs filed the first in a series of lawsuits, in which they sought to retain the Property (the "First Lawsuit"). *Wallace v. U.S. Bank Nat'l Ass'n*, No. 4:14-CV-521, 2014 WL 7272787, at *2 (E.D. Tex. Dec. 22, 2014), *report and recommendation adopted,* No. 4:14-CV-521, 2015 WL 1503661 (E.D. Tex. Mar. 31, 2015). On August 8, 2014, the First Lawsuit was removed by Defendants to federal court on the basis of diversity jurisdiction. *Id*.

During Plaintiffs' First Lawsuit, on August 5, 2014, the Property was sold at a foreclosure sale. On December 22, 2014, the Court recommended dismissing Plaintiffs' lawsuit with prejudice, finding that Defendant U.S. Bank, N.A. had the "right to foreclosure on the [P]roperty." *Id*. The Court dismissed Plaintiffs' First Lawsuit with prejudice on March 31, 2015. *Wallace*, 2015 WL 1503661, at *1. Less than six months later, TWM Properties filed a second suit against Argent, US Bank, EMC Mortgage Corp., LaSalle Bank, NA ("LaSalle"), MERS, Bank of America, N.A.

("Bank of America"), JPMorgan Chase Bank, N.A. ("Chase"), Select Portfolio Servicing, LLC, and Mackie Wolf & Zientz, PC, alleging the same claims in relation to the Property previously asserted by Plaintiffs in the First Lawsuit. On September 30, 2016, the suit was dismissed for want of prosecution. *Darrin C. Lavine, Trustee, TWM Properties v. Argent Mortgage Company, LLC, et al.*, Cause No. 4:15-CV-00671 (E.D. Tex. 2016). Two months later, Plaintiffs filed the third lawsuit in this matter, which, with the Court's consent, they voluntarily dismissed on April 13, 2017. *See Robert Wallace, et al, v. Argent Mortgage Company, LLC, et al.*, Cause No. 4:16-CV-00915 at *3-4 (E.D. Tex. 2017). Importantly, the Court explicitly warned Plaintiffs that "abuses of the litigation process could result in sanctions, including monetary sanctions, and the prohibition of filing any future cases in this District except by leave of court." *Robert Wallace, et al, v. Argent Mortgage Company, LLC, et al.*, Cause No. 4:16-CV-00915 at *3-4 (E.D. Tex. 2017). Following this dismissal, Defendant U.S. Bank commenced an eviction proceeding against Plaintiffs and obtained a judgment for eviction. Plaintiffs filed the present suit in state court, which Defendants later removed to the Court on June 20, 2017 (Dkts. #1, #4). Plaintiffs allege that Defendants failed to comply with certain notice requirements prior to foreclosing on the Property and therefore, lacked the authority to sell the Property at the foreclosure sale. Defendants counterclaimed, seeking a declaratory judgment that the foreclosure sale was proper and that they are entitled to both title and to possession of the Property and attorneys' fees (Dkt. #10).

On August 15, 2017, Defendants moved for Judgment on the Pleadings (Dkt. #18). On January 22, 2018, the Magistrate Judge entered its Report and Recommendation recommending that Defendants' Motion for Judgment on the Pleadings be granted in part and denied in part (Dkt. #38). Specifically, the Magistrate Judge found that: (1) Plaintiffs' claims are barred by res judicata; and (2) Defendants' counterclaims for declaratory relief are more appropriately decided

in a motion for summary judgment (Dkt. #38 at pp. 13–14). On February 5, 2018, Plaintiffs filed their Objections to the Report and Recommendation (Dkt. #42) and on February 18, 2018, Defendants filed their Response (Dkt. #47).

## PLAINTIFFS' OBJECTIONS

Under the law, a party who files timely written objections to a Magistrate Judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2)-(3). The Plaintiffs object to: (1) the Magistrate Judge's alleged failure to include and consider the two notices of rescission of Defendants' acceleration, which were attached to Plaintiffs' original petition; (2) the Magistrate Judge's recommendation of dismissal of their request for declaratory relief; and (3) the Magistrate Judge's failure to recommend dismissal of Defendant's request for declaratory relief *with* prejudice (Dkt. #42).

*Notices of Rescission*

In their first objection, Plaintiffs claim that the Court did not take proper notice of the June 12, 2014 Notice of Rescission of Acceleration of Loan Maturity and the July 8, 2014 Rescission of Acceleration of Loan Maturity (Dkt. #42 at p. 4). Plaintiffs are mistaken. As Defendants point out, the Court did take notice of these documents. As the Report and Recommendation demonstrates, the Magistrate Judge clearly took notice of all documents, including those complained of by Plaintiffs. Even though not expressly listed, the Report and Recommendation stated that "the Court takes notice of the documents attached to Plaintiffs' pleading" (Dkt. #38 p. at 8), which includes the documents Plaintiffs reference (Dkt. #1-3 at pp. 52, 56).

In any event, Plaintiffs' objection does not affect the Magistrate Judge's recommendation that Plaintiffs' claims be dismissed because they are barred by res judicata. Whether or not the Court considered these documents does not alter its findings that "Plaintiffs' claims in the current action are barred by the First Lawsuit." These documents do not change that: (1) the Court had jurisdiction over the First Lawsuit; (2) the Court entered a final judgment on the merits in the First Lawsuit; and (3) Plaintiffs' claims in the First Lawsuit and the current suit involve the same note and deed of trust, property, and foreclosure efforts, and still seek to keep Defendants from dispossessing them of the Property. Moreover, both rescission notices are dated prior to the initiation of Plaintiffs' first lawsuit,[1] thereby strengthening the Report and Recommendation's finding that Plaintiffs' issues with Defendants' actions preceding the foreclosure sale could have been raised in Plaintiffs' first lawsuit. Accordingly, Plaintiffs' objection is overruled.

*Plaintiff's Request for Declaratory Relief*

Plaintiffs also broadly object that their claim for declaratory relief should not have been denied (Dkt. #42 at p. 9). Pursuant to Federal Rule of Civil Procedure 72 and Local Rule CV-72(b), an objection to a magistrate judge's report and recommendation must be specific to the proposed findings and recommendations. Objections should be sufficiently specific to alert the Court to the issues that should be considered. Even so, because Plaintiffs' underlying claims are barred by res judicata, their claim for declaratory relief should be denied. "Entitlement to declaratory relief is dependent upon the plaintiff first pleading a viable underlying cause of action." *Endsley v. Green Tree Servicing LLC*, No. 5:15CV151-RWS-CMC, 2017 WL 1856281, at *11 (E.D. Tex. Feb. 8, 2017), *report and recommendation adopted,* No. 5:15-CV-151-RWS-CMC, 2017 WL 1862191 (E.D. Tex. May 8, 2017) (citing *Collin County, Tex. v. Homeowners Ass'n for*

---

[1] One rescission notice is dated June 12, 2014 and the other is dated July 8, 2014 (Dkt. #1–3 at pp. 52, 56). Plaintiffs filed their first lawsuit on July 17, 2014.

*Values Essential to Neighborhoods*, 915 F.2d 167, 170-171 (5th Cir. 1990) (federal declaratory judgment act is remedial only; it is the defendant's underlying cause of action against the plaintiff that is litigated in a suit under the act)). "Where all the substantive, underlying claims are subject to dismissal, a claim for declaratory relief cannot survive." *Id*. (citing *Walls v. JPMorgan Chase Bank, NA*, No. 4:13-cv-402, 2013 WL 5782999, at *4 (E.D. Tex. Oct. 25, 2013)). Because all of Plaintiffs' underlying claims fail, Defendants are entitled to judgment as a matter of law on Plaintiffs' declaratory judgment claim. Plaintiffs' objection is overruled.

*Defendant's Claim for Declaratory Relief*

In their final objection, Plaintiffs "specifically object to the Magistrate Judge's suggestion that these issues are more properly decided in a motion for summary judgment because the issues would be barred by the doctrine of res judicata" (Dkt. #42 at pp. 2–3). Plaintiffs did not raise these contentions in any of their pleadings before the Court. "[I]ssues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001) (citing *United States v. Armstrong,* 951 F.2d 626, 630 (5th Cir. 1992)); *see also F.T.C. v. Namer*, No. 06-30528, 2007 WL 2974059, at *7 (5th Cir. Oct. 12, 2007) ("This Circuit has held that a party who objects to a magistrate judge's report waives any legal arguments that were not made first before the magistrate judge.") (citing *Cupit v. Whitley,* 28 F.3d 532, 535 & n. 5 (5th Cir. 1994)). Accordingly, Plaintiffs' final objection is overruled.

## CONCLUSION

Having received the report of the United States Magistrate Judge (Dkt. #38), having considered Plaintiffs' timely filed Objections (Dkt. #42), Defendants' Response to those Objections (Dkt. #47), and having conducted a de novo review, the Court is of the opinion that the

findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #38) as the findings and conclusions of the Court.

It is therefore **ORDERED** that Defendants' Motion for Judgment on the Pleadings (Dkt. #18) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Defendants' Motion for Judgment as it relates to Defendants' affirmative requests for declaratory relief and attorney's fees is denied without prejudice to re-urging. Plaintiffs' claims against Defendants are hereby **DISMISSED** with prejudice.

**IT IS SO ORDERED**.

SIGNED this 9th day of March, 2018.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE